THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| EMMANUELLA UZOIGWE,<br><br>Plaintiff,<br>v.<br><br>MILLCREEK REHABILITATION AND NURSING, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00950-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff Eammanuella Uzoigwe's Short Form Discovery Motion Re Interrogatory Nos. 15—25. Much of the parties' dispute can be distilled down to disagreements regarding Interrogatory subparts. Plaintiff claims the subparts in the disputed Interrogatories relate to a common theme. Therefore, they are not counted as multiple Interrogatories. In contrast, Defendant contends that they are discrete and therefore should be counted as more than one interrogatory for purposes of the Federal Rules. The court addresses the parties' dispute herein.[1]

**BACKGROUND**

Plaintiff Emmanuella Uzoigwe, filed suit against Defendant Millcreek Rehabilitation and Nursing, asserting claims for discrimination, retaliation, and violating the Family Medical Leave Act (FMLA). Plaintiff served her First Set of Interrogatories on Defendant, and on June 5, 2026,

[1] On September 24, 2026, Plaintiff filed a motion to compel concerning Interrogatory Nos. 26-27. Plaintiff asserts the disposition of that motion depends on the court's holding in the current dispute regarding whether the subparts are discrete or part of a common theme. The parties are directed to confer regarding their positions in that motion based upon this decision. After conferring, the parties are to notify the court regarding whether any change in the parties' positions has occurred.

Defendant provided supplemental responses. Those responses are attached to Plaintiff's Motion.[2] Plaintiff takes issue with the responses and seeks to compel answers to Interrogatives 15-25 and requests an award of attorney fees.

**DISCUSSION**

Plaintiff argues Defendant's objections to its Interrogatives should be overruled for three reasons. First, under the scheduling order the parties are permitted 35 interrogatories, and Plaintiff is well within that limit.[3] Second, Defendant waived its scheduling order objections because they were not raised in its original responses. And finally, Defendant's position that Interrogatory No. 20, incorrectly numbered as 14 in Plaintiff's discovery requests,[4] contains multiple discrete subparts counting as multiple interrogatories, is without merit. The Tenth Circuit applies a "common theme" standard to interrogatories with subparts and Plaintiff's Interrogatories relate to a common theme and should not be counted separately.

At the outset, the court finds no merit to Plaintiff's second contention. The scheduling order limits parties to 35 interrogatories, and the burden is on all parties to comply. An objection to a party's failure to comply is not "waived." To conclude otherwise would open the flood gates for a party to readily circumvent the Scheduling Order and violate the Federal Rules.

Federal Rule of Civil Procedure 33(a) states "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[5] Here the parties have agreed to 35 written interrogatories. Determining exactly what is a discrete subpart presents challenges. Another court in this Circuit identified this difficulty.

---

[2] ECF No. 24-1.

[3] *See* Order granting Stipulated Motion for Scheduling Order, ECF No. 14.

[4] Due to a numbering error by Plaintiff, Plaintiff's Interrogatories were misnumbered when they were served. Plaintiff provides a chart linking the incorrect interrogatory number to the correct one in the Motion.

[5] Fed. R. Civ. P. 33(a).

> Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered or lettered. Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a), or in a scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic.[6]

The advisory committee provided the following guidance for when subparts should count as separate interrogatories:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of the court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.[7]

Courts have construed this guidance to mean that an interrogatory containing subparts directed at details regarding a common theme should be considered a single question. In contrast, an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one interrogatory.[8] With this guidance, the court turns to the interrogatories.

To begin, Plaintiff notes that due to a numbering error, Uzoigwe's interrogatories were misnumbered when they were served. Plaintiff provides the following chart as guidance.

| Interrogatory No in Document | Correct/Actual Number |
|---|---|

[6] *Williams v. Bd. of Cnty. Comm'rs of the Unified Gov't of Wyandotte Cnty. & Kan. City, Kan*., 192 F.R.D. 698, 701 (D.Kan.2000).

[7] Fed. R. Civ. P. 33(a) advisory committee's note (1993 Am.). *See also* Advisory Committee Note, 146 F.R.D. 401, 675–76 (Fed.1993).

[8] *See, e.g., Pouncil v. Branch L. Firm*, 277 F.R.D. 642, 646, 2011 WL 6181335 (D. Kan. 2011) (applying the common theme standard).

| | |
|---|---|
| 16 | 15 |
| 16 | 16 |
| 11 | 17 |
| 12 | 18 |
| 13 | 19 |
| 14 | 20 |
| 14 | 21 |
| 15 | 22 |
| 16 | 23 |
| 17 | 24 |
| 18 | 25 |

For purposes of this decision, the court uses the interrogatory number in the document with the correct or actual number in parentheses.

Next, the court addresses the party's disagreement regarding subparts. Defendant contends it already answered 35 interrogatories when it answered the first 20 interrogatories because of subparts. Plaintiff provides the following examples. Interrogatory No. 1 states:

> INTERROGATORY NO. 1: Identify Uzoigwe's job titles, job duties, job responsibilities, and direct supervisors while she was employed with Millcreek.[9]

Defendant argues this is four different interrogatories. The court disagrees. This is considered a single question because it is directed at details regarding a common theme—Uzoigwe's job, and the duties and responsibilities associated with it.

Defendant then points to Interrogatory No. 4 arguing it is three discrete questions. Interrogatory No. 4 states:

> Identify and describe the reason(s) Millcreek terminated Uzoigwe's employment, the individual who made the decision to terminate Uzoigwe's employment, and all documents that individual referred to or relied upon in making the decision to terminate.

[9] ECF No. 24-1.

As noted above, an interrogatory with subparts that makes inquiries into discrete areas is likely to be counted as more than one interrogatory. Discrete means "[i]ndividual; separate; distinct,"[10], or "constituting a separate entity or item."[11] Applying the ordinary meaning[12] of the term discrete, leads the court to reject Defendant's contention that Interrogatory No. 4 is three discrete questions. The Interrogatory focuses on the common theme of Plaintiff's termination with specific questions about that termination that are related.

Interrogatory No. 5 requests Defendant to

> Identify the individual who completed Disciplinary Form, the date the Disciplinary Form was completed, the alleged "witnesses" identified on that form, and all documents that Millcreek relied upon to complete the form.[13]

Once again Defendant misconstrues the meaning of discrete. The Interrogatory focuses on the disciplinary form, which is a common theme, and is not four discrete parts.

Therefore, these three Interrogatories are not eleven discrete parts as alleged by Defendant. Rather, they are three interrogatories, each with a common theme, that count toward the limit of 35 interrogatories. With this corrected calculation, the court overrules Defendant's objection to Interrogatory No. 11 (17) stating "Plaintiff has exceeded their permitted discovery requests and therefore declines to respond."[14] This same objection continues in other responses to Plaintiff's interrogatories, and the court overrules the objection because Defendant misconstrues the term discrete.

---

[10] Discrete, Black's Law Dictionary (11th ed. 2019).

[11] Discrete, Merriam-Webster, https://www.merriam-webster.com/dictionary/discrete (last accessed October 1, 2026).

[12] *See, e.g., Asvalo Real Est., LLC v. Stack Real Est., LLC*, No. 2:23-CV-00728-JNP, 2024 WL 3553306, at *5 (D. Utah July 26, 2024) (applying the ordinary meaning of a term using the dictionary definition).

[13] ECF No. 24-1 at 7.

[14] ECF No. 34-1 at 14.

However, all is not lost for Defendant. Although Defendant often makes the exceeded discovery limits objection, Defendant also provides supplemental responses to many of the contested interrogatories that are sufficient. By example, after objecting to Interrogatory No. 11 (17), Defendant provides the dates on which Plaintiff requested FMLA and documents that pertain to those requests. And in response to Interrogatory No. 12 (18), Defendant provides that no FMLA requests were denied. These supplemental responses are sufficient, and the court denies Plaintiff's request to compel further responses. Additionally, the court has reviewed the following Interrogatories and their supplemental responses and finds them sufficient. Interrogatories 13 (19) and 14 (20). Defendant solely relies on the exceeded discovery limits objection to Interrogatories 14 (21) – 18 (25). The court will order Defendant to provide answers to these Interrogatories within thirty days from the date of this order.

Finally, the court specifically considers Plaintiff's Interrogatory 14 (20) which states as follows:

> INTERROGATORY NO. 14 [sic]: Identify RNs employed with Millcreek in the time period of 2019-2024 who:
>
> (a) failed to follow orders from a physician;
> (b) failed to provide a resident with the care they need;
> (c) clogged a patient's feeding tube;
> (d) failed to timely complete Relias training;
> (e) were the subject of complaints from co-workers regarding excessive breaks, attendance, punctuality, or regarding demanding, bullying, or otherwise inappropriate comments;
> (f) took excessive breaks, were late clocking in or out, or failed to accurately clock in or out;
> (f) [sic] left the building without clocking out;
> (g) left the building while being the only RN on duty;
> (h) made allegedly false allegations regarding a patient's conduct;
> (i) failed to wear the required PPE; and/or
> (j) allegedly violated sections 1.8 or 3.3 of the Millcreek Employee Handbook.[15]

[15] ECF No. 24-1 at 16.

Applying the term discrete to this interrogatory leads the court to find that this interrogatory is eleven interrogatories. Although the questions generally relate to employee conduct or misconduct, an interrogatory with subparts that makes inquiries into discrete areas is likely to be counted as more than one interrogatory. Here, the subparts make inquiries into discrete areas. For example, employees who failed to follow physician orders versus those who failed to complete training, or employees who left while being the only RN on duty versus those who failed to wear PPE. Thus, this is not one interrogatory as Plaintiff suggests and counts as eleven towards the limit established by the parties.

**ORDER**

For the reasons set forth previously, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART. Defendant is to provide updated answers to discovery requests Interrogatories 14 (21) – 18 (25) as set forth above.

IT IS FURTHER ORDERED that neither party is awarded attorney fees and costs.

Finally, the parties are ORDERED to meet and confer regarding the status of Plaintiff's September 24, 2026, discovery motion given the finding of the court in this decision regarding interrogatory subparts, and notify the court within ten days from the date of this order of any changes to that motion.

IT IS SO ORDERED.

DATED this 8 October 2026.

Dustin B. Pead
United States Magistrate Judge